IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL SANDOVAL,

    Petitioner,                      No. CIV S-10-3238 FCD DAD P

    vs.

RICK HILL, Warden,

    Respondent.                   FINDINGS AND RECOMMENDATIONS

                                  /

          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the March 27, 2006 decision of the California Board of Parole Hearings ("Board") to deny him parole. On December 22, 2010, the undersigned ordered respondent to file and serve a response to the petition. On January 14, 2011, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

          On March 27, 2006, the Board conducted a parole hearing and found petitioner unsuitable for release on parole. The Board's decision became final on July 25, 2006. (Pet. Ex. A.) Thereafter, petitioner filed three petitions for writ of habeas corpus in state court challenging

the Board's decision. Applying the mailbox rule[1], on April 24, 2007, petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court. On December 17, 2008, that court denied the petition. On March 13, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Fourth Appellate District. On July 8, 2009, the Court of Appeal denied that petition. On September 14, 2009, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. On August 11, 2010, the California Supreme Court denied that petition. (Resp't's Mot. to Dismiss Exs. 1-8.)

On December 2, 2010, petitioner commenced this action by filing a federal petition for writ of habeas corpus with this court.

## RESPONDENT'S MOTION TO DISMISS

I. Respondent's Motion

Respondent moves to dismiss the pending habeas petition, arguing that it is time-barred. Specifically, respondent argues that the Board's decision to deny petitioner parole became final on July 25, 2006, and petitioner had one year thereafter in which to file a federal habeas petition challenging that decision. Respondent contends that 273 days elapsed before petitioner filed his first petition for writ of habeas corpus in the San Diego County Superior Court. Respondent concedes that the statute of limitations was then tolled until August 11, 2010, when the California Supreme Court denied petitioner's third and final petition for writ of habeas corpus in state court. Respondent argues that from that date, however, an additional 113 days elapsed before petitioner filed the pending federal petition. Accordingly, respondent contends that by the time petitioner filed his federal habeas petition in this court, more than one year (specifically, 386 days total) had elapsed rendering the petition untimely under the AEDPA statute of limitations. (Resp't's Mot. to Dismiss at 4.)

/////

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988).

II. Petitioner's Opposition

In opposition to respondent's motion, petitioner argues that the one-year statute of limitations in this case did not begin to run until December 17, 2008, when the San Diego County Superior Court issued its denial of his petition for writ of habeas corpus. According to petitioner, that is when he discovered his federal claims. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3.)

III. Respondent's Reply

In reply, respondent argues that the statute of limitations is triggered by the Board's decision denying parole and not by the San Diego County Superior Court's denial of state habeas relief. For the reasons stated in the pending motion to dismiss, respondent reiterates that the pending federal habeas petition in this case is untimely. (Resp't's Reply at 2.)

**ANALYSIS**

I. The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

/////

/////

>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(D)

The one-year statute of limitations period set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004). See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. See Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run once "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

As noted above, on March 27, 2006, the Board conducted a parole hearing and found petitioner unsuitable for release on parole. The Board's decision became final on July 25, 2006. For purposes of federal habeas relief, the one-year statute of limitations period began to run no later than July 26, 2006, the day after the Board's decision became final, and expired one year later on July 25, 2007. See Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1082. Applying the mailbox rule, petitioner did not file his federal habeas petition in this court until December 2, 2010. Accordingly, the pending petition is untimely unless petitioner is entitled to the benefit of tolling.

4

III.  Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner filed three habeas petitions in state court challenging the Board's 2006 decision to deny him parole.  However, 273 elapsed under the statute of limitations before petitioner filed his first petition for writ of habeas corpus in the San Diego County Superior Court.  Even granting petitioner statutory tolling for the entire time he was pursuing his claims in state court, the pending petition is still untimely.  The California Supreme Court denied petitioner's third and final state petition for writ of habeas corpus on August 11, 2011.  An additional 113 days elapsed under the statute of limitations before petitioner filed the pending petition in this court.  Accordingly, by the time petitioner filed his federal habeas petition in this court on December 2, 2010, 386 days had elapsed under the AEDPA statute of limitations, rendering petitioner's federal habeas petition time-barred.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's January 14, 2011 motion to dismiss (Doc. No. 11) be granted; and

2. This action be closed.

1   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
sand3238.157